The opinion of the Court was delivered by
Wardlaw, Ch.
Two questions are raised by this appeal; first of fact whether the plaintiff at the time of his purchase had notice of defendant’s equitable title, and secondly whether *231 the statute of limitations is a bar to that title under the circumstances of the case. It is difficult to add to the Chancellor’s reasoning on either question.
On the first we should adopt here the Chancellor’s conclusion, unless error was clearly demonstrated. But we have considered the evidence, and we fully concur in that conclusion. The recording of the marriage settlement, although it was effected a few days after the prescribed time, and for that reason not raising the implication of notice to all persons, goes far to shew actual notice to a near neighbor of a fact so notorious as the settlement. The conviction of Willis Godwin that plaintiff well understood the condition of the property— the omission of the plaintiff, while alleging in his bill that plaintiff set up a claim on the slave, and while conversing with his cousin concerning the slave, to deny notice of the character of defendant’s claim — are slight-circumstances but tending to show notice. Then there is the fact inexplicable on any other hypothesis of his procuring the trustee to join in the bill of sale. In his conversation with his cousin, he founded his trust of exemption from loss exclusively on the warranty of the trustee, and we are glad to be informed that such is the condition of the trustee’s affairs, that the plaintiff is not without redress in the proper forum.
As to the statute of limitations we concur in the view presented in the circuit decree, so sufficiently as to need no amplification. Where a decree is adequately vindicated by a single course of reasoning, it is superfluous and frequently indiscreet to add other lines of argument It is at least doubtful whether the rights of the defendant were at all invaded, so as to impose necessity of suit, before the death of her husband Walker vs. Frazier. 2 Rich. Eq. 99. But we forbear further discussion.
It is ordered and decreed that the decree be affirmed and the appeal be dismissed.
Dunkin and Dargan, CC., concurred.